# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

October 14, 2015

RORY L. PERRY II, CLERK

SUPREME COURT OF APPEALS

OF WEST VIRGINIA

**LAVERNE HARPER, WIDOW OF
JOHN R. HARPER, DECEASED**
Claimant Below, Petitioner

vs.)    No. 14-0470 (BOR Appeal No. 2048944)
           (Claim No. 2011012894)

**WEST VIRGINIA OFFICE OF
INSURANCE COMMISSIONER**
Commissioner Below, Respondent

**and**

**PERRY & HYLTON, INC.,**
Employer Below, Respondent

## MEMORANDUM DECISION

Petitioner Laverne Harper, widow of John R. Harper, by Reginald D. Henry, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. West Virginia Office of the Insurance Commissioner, by Mary Rich Malloy, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated April 16, 2014, in which the Board reversed an October 11, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's January 3, 2012, decision to deny dependent's benefits. The Office of Judges awarded Ms. Harper dependent's benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these

1

reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Harper, a coal miner for Perry & Hylton, Inc., developed occupational pneumoconiosis in the course of and as a result of his employment and was granted a 25% permanent partial disability award in 1983. On June 18, 2010, Mr. Harper reported to Raleigh General Hospital with a cough, shortness of breath, and increasing confusion. Mr. Harper was diagnosed with chronic obstructive pulmonary disease, coal miner's occupational pneumoconiosis, heart disease, hypertension, cholestectomy, and diabetes. Eventually, Mr. Harper's breathing became so taxed that he had to be placed on a ventilator. A CTA report and x-rays showed bilateral pneumonia, pulmonary vascular congestion, or a combination of both.

On July 25, 2010, Mr. Harper passed away. The final diagnosis reported by Ramon C. Jereza, M.D., was adult respiratory distress syndrome, bilateral pneumonia, advanced chronic obstructive pulmonary disease due to coal miner's pneumoconiosis, hypertensive and arteriosclerotic heart disease with coronary artery disease, and cardiomyopathy. Mrs. Harper, Mr. Harper's widow, filed an application for dependent's benefits asserting that her husband's occupational pneumoconiosis materially contributed his death. Dr. Jereza testified on May 2, 2011, and opined that occupational pneumoconiosis materially contributed to Mr. Harper's death. The case was referred to the Occupational Pneumoconiosis Board for review. The Occupational Pneumoconiosis Board led by Jack L. Kinder, Jr., M.D., determined that based upon the x-rays and the clinical history, Mr. Harper's death was not related to occupational pneumoconiosis but rather to idiopathic pulmonary fibrosis. The Occupational Pneumoconiosis Board explained that the x-rays did not reveal rounded opacities consistent with coal dust exposure. The Occupational Pneumoconiosis Board explained that the pulmonary fibrosis experienced by Mr. Harper was more typical of asbestosis exposure and not coal dust exposure. However, the Occupational Pneumoconiosis Board's final conclusion was that the images showed idiopathic pulmonary fibrosis probably secondary to chronic gastroesophageal reflux.

On October 3, 2012, D. L. Rasmussen, M.D., performed a record review. Dr. Rasmussen stated that there was ample evidence to conclude that Mr. Harper suffered from occupational lung disease including occupational pneumoconiosis, which was responsible for his diffuse interstitial fibrosis. Dr. Rasmussen stated that Mr. Harper's occupational pneumoconiosis was therefore a material contributing cause of his death. However, Gregory Fino, M.D., stated that a CT scan of the chest performed on June 22, 2008, showed interstitial fibrosis with honeycombing of the peripheral lungs consistent with pneumoconiosis or idiopathic pulmonary fibrosis. Dr. Fino stated that honeycombing and fibrosis are not consistent with occupational pneumoconiosis due to coal mine dust. Dr. Fino stated that this finding would be consistent with pneumoconiosis from asbestosis. Dr. Fino also stated that Mr. Harper has no history of asbestos exposure. Dr. Fino opined that occupational pneumoconiosis did not cause his disability, nor did it cause his death. Dr. Fino stated that Mr. Harper died as a result of a disease of the general medical population, adult respiratory distress syndrome. Based upon the report of the Occupational Pneumoconiosis Board, the claims administrator denied the application for dependent's benefits.

The Office of Judges determined that occupational pneumoconiosis materially contributed to Mr. Harper's death and awarded dependent's benefits. The Office of Judges, in its analysis determined that an equal amount of weight existed on both sides of the issue. Because equal weight existed for both granting dependent's benefits and denying dependent's benefits, the Office of Judges determined that pursuant to West Virginia Code § 23-4-1g(a) (2003) that when an equal amount of evidentiary weight exists "the resolution that is most consistent with the claimant's position will be adopted." The Office of Judges overturned the claims administrator's decision to deny dependent's benefits.

The Board of Review disagreed with the Office of Judges and reversed its decision. The Board of Review noted that pursuant to West Virginia Code § 23-4-6a (2003), the Office of Judges "shall affirm the decision of the Occupational Pneumoconiosis Board made following [the] hearing unless the decision is clearly wrong in view of the reliable, probative and substantial evidence on the whole record." The Board of Review then noted that the Office of Judges determined that an equal amount of weight existed for both sides of the issue. The Board of Review also noted that the Occupational Pneumoconiosis Board found that occupational pneumoconiosis did not materially contribute to Mr. Harper's death. The Board of Review determined that the Occupational Pneumoconiosis Board's decision was not clearly wrong in light of the evidence of record. The Board of Review reinstated the claims administration's decision to deny dependent's benefits.

We agree with the decision of the Board of Review. In this case the Occupational Pneumoconiosis Board has clearly demonstrated that it believes the cause of death was idiopathic pulmonary fibrosis. The Occupational Pneumoconiosis Board reviewed the x-rays and CT scans and determined that the opacities seen on the films were not caused by coal mine dust exposure. Dr. Kinder stated that coal miner's occupational pneumoconiosis is characterized by rounded opacities not irregular opacities. Mr. Harper had irregular opacities, which could have been indicative of asbestos exposure but not coal dust exposure. Dr. Kinder opined that the spirometry readings up to the end of Mr. Harper's life showed pretty good lung function. At the end of his life, lung function dropped dramatically. Dr. Kinder noted that this supported his conclusion that idiopathic pulmonary fibrosis was the cause of death instead of coal workers' occupational pneumoconiosis. Pursuant to West Virginia Code § 23-4-6a and the holding in *Fenton Art Glass Co. v. West Virginia Office of the Insurance Commissioner*, 222 W. Va. 420, 664 S.E.2d 761 (2008), the Occupational Pneumoconiosis Board is given deference in medical findings and can only be ignored when "clearly wrong." Because there is not enough evidence in the record to show that the Occupational Pneumoconiosis Board's determination is clearly wrong, the Board of Review's decision must be upheld.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: October 14, 2015**

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Chief Justice Margaret L. Workman